# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 25, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JERRY A. RICHMAN SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0378** (BOR Appeal Nos. 2049677 & 2049887)
(Claim No. 2004033584)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**CON-WAY TRANSPORTATION SERVICES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jerry A. Richman Sr., by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 27, 2015, in which the Board affirmed July 16, 2014, and September 19, 2014, Orders of the Workers' Compensation Office of Judges. In its July 16, 2014, Order, the Office of Judges affirmed the claims administrator's November 6, 2013, and January 28, 2014, decisions denying authorization of a right shoulder arthroscopy with revision rotator cuff repair, post-operative therapy two to three times a week for six to eight weeks, post-operative medications Naprosyn and Percocet, and a Bledsoe Arc shoulder immobilizer as well as a request to add right shoulder pain to the claim. In its September 19, 2014, Order, the Office of Judges again denied the requested surgery, medication, and physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richman, a truck driver, injured his right shoulder in the course of his employment on January 29, 2004, while attempting to close a stuck trailer door. An MRI taken six months after the injury revealed a rotator cuff tear and focal separation/tear of the posterior-superior labrum and insertion site of the posterior capsule. Mr. Richman underwent rotator cuff repair in October of 2004. Jack Koay, M.D., performed an independent medical examination in May of 2005 and concluded that Mr. Richman was at maximum medical improvement and would not benefit from additional surgery on the right shoulder. Dr. Koay found the claimant had an 8% impairment to his right shoulder.

In September of 2010, Mr. Richman came under the care of Jacob Hofer, M.D. Dr. Hofer stated that Mr. Richman reported bilateral shoulder pain, worse on the right. X-rays showed mild degenerative changes consistent with rotator cuff pathology, and Dr. Hofer diagnosed shoulder impingement syndrome. In June of 2013, Mr. Richman followed up with George Bal, M.D., an orthopedist, following a left shoulder arthroscopy. At that time, Mr. Richman stated that he was experiencing increased right shoulder pain as well. Mr. Richman continued to treat with Dr. Bal who noted on November 22, 2013, that he followed Mr. Richman for sometime after his 2004 surgery. Dr. Bal stated that Mr. Richman made some improvement and returned to work. It was noted that his right shoulder pain started to increase lately. Dr. Bal diagnosed right shoulder pain with possible recurrent rotator cuff repair. Dr. Bal recommended an MRI for the right shoulder, which the claims administrator approved. The MRI revealed a full thickness rotator cuff tear, tears of the glenoid labrum, and slight medial subluxation of the biceps tendon. Dr. Bal thereafter requested the addition of shoulder pain to the claim as well as authorization of a right shoulder arthroscopy with revision rotator cuff repair, post-operative therapy two to three times a week for six to eight weeks, post-operative medications Naprosyn and Percocet, and a shoulder immobilizer. He stated that the requests were related to the compensable injury because the prior rotator cuff repair may not have healed properly.

On November 6, 2013, the claims administrator denied the addition of right shoulder pain to the claim. Authorization of a right shoulder arthroscopy with revision rotator cuff repair, post-operative therapy two to three times a week for six to eight weeks, post-operative medications Naprosyn and Percocet, and a shoulder immobilizer were also denied on January 28, 2014, and April 4, 2014. The Office of Judges affirmed the decisions in its July 16, 2014, and September 19, 2014, Order.

In its July 16, 2014, Order, the Office of Judges stated that Mr. Richman injured his shoulder, received treatment including surgery, and received an 8% permanent partial disability award based on Dr. Koay's independent medical evaluation. The Office of Judges noted that Mr. Richman complained of pain at the time of his evaluation, which Dr. Koay took into account when he made his recommendation. The Office of Judges determined that nine years passed between the compensable injury and Dr. Bal's request to add shoulder pain to the claim. Further, the medical records failed to show a causal connection between Mr. Richman's increased right

shoulder pain and his compensable injury. The Office of Judges noted that Dr. Bal's request to add shoulder pain to the claim states that Mr. Richman's rotator cuff repair may not have healed. The Office of Judges concluded that given the length of time and lack of medical documentation between Dr. Koay's 2004 evaluation and Mr. Richman's increased pain in 2010, a more detailed medical reason was necessary to justify adding the condition to the claim and authorizing the requested treatment.

In its September 19, 2014, Order, the Office of Judges again affirmed a decision denying authorization of a right shoulder arthroscopy with revision rotator cuff repair, post-operative therapy two to three times a week for six to eight weeks, post-operative medications Naprosyn and Percocet, and a shoulder immobilizer. The Office of Judges took judicial notice of its prior Order denying the requested surgery, treatment, and medications. It noted that an MRI taken on December 22, 2013, revealed a full thickness rotator cuff tear; however, it determined that the evidence failed to show a causal connection between the new rotator cuff tear and the compensable 2004 injury. Given the duration of time between the 2004 injury and Dr. Bal's request for a second surgery, the Office of Judges found that a more detailed medical statement and reasoning was required. Dr. Bal merely stated that the prior surgery may not have healed. Lastly, the Office of Judges noted a November 8, 2010, treatment note from Dr. Hofer that provides that the rotator cuffs were intact bilaterally. The Office of Judges concluded that this clearly shows that the 2004 surgery remained intact as of November of 2010 at least, and one could not therefore reasonably claim that the 2004 surgery failed to heal. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Orders on March 27, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Richman tore his rotator cuff in 2004, had surgery and physical therapy, and returned to work. He started reporting shoulder pain again in 2010. An MRI showed degenerative changes and a rotator cuff tear in 2013; however, Dr. Hofer noted intact bilateral rotator cuffs in 2010. Dr. Bal's request to add shoulder pain and authorize surgery and follow-up treatment does not show a credible causal connection between the compensable injury and Mr. Richman's current condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 25, 2016**

3

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II